FILED ✓   LODGED ___
RECEIVED ___   COPY ___

NOV 1 8 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

Anthony Oliver, # 1002060648
Coffee Correctional Facility (Georgia)
Post Office Box 650
Nicholls Georgia 31554
Phone: (520) - 300 - 1666
Facsimile: (520) 220-5860
Email: Anthony.oliver222201@gmail.com

*Plaintiff Anthony Oliver*
*Appearing Pro Se,*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| ANTHONY OLIVER,<br><br>    Plaintiff,<br><br>vs.<br><br>SANTANDER CONSUMER USA, INC., an Illinois Corporation; EXPERIAN INFORMATION SOLUTIONS, INC., a Delaware Corporation; EQUIFAX INFORMATION SERVICES, L.L.C., a Delaware Corporation; TRANSUNION, L.L.C., a Pennsylvania Corporation;<br>    Defendants. | Case No.: 4:22-cv-00475-RCC<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; |

- 1 -

1  **PLEASE TAKE NOTICE** that as soon as this matter may be heard in the

2  United States District Court, for the District of Arizona before the Honorable

3  Raner C. Collins, the Plaintiff Anthony Oliver moves for an order of this Court

4  permitting the Plaintiff leave to file a Second Amended Complaint for damages,

   declaratory, and injunctive relief.

5      This Motion will be based on the grounds the the proposed Second

6  Amended Complaint for damages, declaratory, and injunctive relief is in

7  furthernace of justice and the filing of the proposed second amended complaint is

8  necessitated primarily based on the facts that the Plaintiff seeks to add a cause of

9  action under the Texas Debt Collection Act, ("TDCA").[1] This Motion will be based

10 on this Notice of Motion and the Motion itself. As well as the Memorandum of

11 points and Authorities, filed herewith, the records on file herein, and on any such

12 evidence as may be presented at any hearing of the Motion.

13

                                    Respectfully submitted,
14

15
   Dated: _____      _____
16                                      Anthony Oliver, # 1002060648
17                                      Coffee Correctional Facility
                                        Post Office Box 650
18                                      Nicholls Georgia 31554
                                        Telephone:  (520) 300 - 1666
19                                      Anthony.oliver222201@gmail.com

20

21

22

23
   ――――――――――――――――――――――――――――――――――――――――
        [1]   The TDCA cause of action that the Plaintiff seeks to add in the proposed
24 second amended complaint is listed at the seventh cause of action and has been high lighted in
   bold and black letters on pages 45-46. The Plaintiffs first amended complaint already referenced
25 allegations of the TDCA, however the Plaintiff forgot to add the TDCA cause of action. Furtuleu ,
   counsel for the defendants refuse to mail plaintiff copies of all filed
26 pleadings.                                  - 2 -
   ――――――――――――――――――――――――――――――――――――――――
27      PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND TO FILE SECOND
        AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF;
        MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;

## I.     INTRODUCTION

1.     Pursuant to Federal Rules of Civil Procedure, rule 15, the Plaintiff Anthony Oliver, ("Plaintiff"), respectfully moves for leave to amend to file a second amended complaint for damages, declaratory, and injunctiv relief in the above-titled lawsuit against the Defendants, Santander Consumer USA, Inc., ("SANTANDER"), and credit reporting agencies, ("CRA's"), Experian Information Solutions, Inc., ("EXPERIAN"), Equifax Information Services, L.L.C., ("EQUIFAX"), and Trans Union, L.L.C., ("TRANSUNION") for SANTANDER's illegal vehicle repossession after SANTANDER entered into a written contract with the Attorneys general off 43 states agreeing to waive any outstanding vehicle loan that the Plaintiff had with SANTANDER, and to provide the Plaintiff with the title to his vehicle if his credit score was below 400.

2.     Notwithstanding the agreement, SANTANDER turned around and repossessed the Plaintiff's vehicle, refused to provide him with the vehicle title, and reported the Plaintiff for collections in the remaining balance of the loan in the amount of approximately $ 22,000.

3.     Once the Plaintiff obtained his credit reports from EXPERIAN, TRANSUNION and EQUIFAX, the Plaintiff discovered that SANTANDER was attempting to collect a debt that it knew it was not legally permitted to collect from the Plaintiff.

4.     The Plaintiff filed a dispute with SANTANDER, EXPERIAN, TRANSUNION and EQUIFAX pursuant to the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. §§ 1681, and 1681s-2(b). The Plaintiff filed his dispute letters with each of the said Defendants expecting they would investigate the Plaintiff claims, but they did not do so. Rather, each of the Defendants decided to do nothing to investigate, and/or correct the SANTANDER debt. The Plaintiff correctly pointed out to all of the Defendants how SANTANDER entered into a contract, and breached that contract with the Plaintiff.

- 3 -

4.      What's more disturbing is that SANTANDER was placed on notice that all of personal belongings were located inside of the Plaintiffs vehicle, and consisted of computers, money, cameras, and collection files. SANTANDER refused to return the Plaintiffs personal property. After conducting a private investigation, and speaking with attorneys in Arkansas for SANTANDER, the Plaintiff

5.      Additionally, while the Plaintiff had a loan with SANTANDER, the Plaintiff made numerous payments to SANTANDER over the phone using its "pay-to-pay" Speedpay method in which SANTANDER illegally, and secretly charged the Plaintiff a fee of $ 10.95 each time the Plaintiff made a over the phone payment using a debit or credit card. This illegal kickback scheme violates both Texas State and federal law by charging these fees. SANTANDER was later sued in the Jefferson County 8th Judicial Circuit, and later removed under the class action fairness act, where SANTANDER was sued in a class action for charging these "pay-to-pay" Speedpay fees that SANTANDER knew it could not charge. United States federal judge Kristen G. Baker, of the Eastern District of Arkansas in Frenzetta Wilson v. Santander Consumer USA, Inc., found that SANTANDER violated the Texas Debt Collection Act,  ("TDCA").

6.     The TDCA prohibits a debt collector from "us[ing] unfair or unconscionable means" in the collection of a consumer debt. Tex.  Fin. Code § 392.303(a). The "pay-to-pay" fees were found by hundreds of federal judge's to have violated the Fair Debt Collection Practice Act, 15 U.S.C. § 1692, et seq.

7.      In order for the Plaintiff to recover his damages, he must show that his written contract between SANTANDER and himself, has a Texas choice-of-law clause in its agreement with their customers and consumers. In order to establish that theory, the cause of action must be pled, and discovery to commence before any ruling. Its worth noting, as it must, SANTANDER later settled out with the Plaintiffs and class members except for the Plaintiff.

- 4 -

8.    To date, SANTANDER, EXPERIAN, TRANSUNION or EQUIFAX has taken the necessary steps to investigate the Plaintiffs 1681i or 1681s-2(b) claims thereby violating federal law. The Plaintiff has not sought leave to amend, nor taken the opportunity for granted. Plaintiff reached out to two of the Defendants attorneys to meet and confer on the Plaintiff filing a second amended complaint. One attorney hung up on the Plaintiff, and the other, blocked the Plaintiff's calls from future calls. Thus, necessitating the instant motion. A copy of the Plaintiff's proposed second amended complaint is attached hereto as **Exhibit A.**

II.    **BACKGROUND**

9.    Plaintiff respectfully moves this Court, pursuant to Federal Rules of Civil Procedure, rule 15 for leave to file a Second Amended Complaint, ("SAC"), for damages, declaratory, and injunctive relief to add a new cause of action against the lead Defendant SANTANDER after the Plaintiff discovered a previously filed and settled class action lawsuit arising under SANTANDER's illegal Speedpay pay-to-pay scheme to collect additional revenue by charging the Plaintiff a fee of $ 10.95 each time he made his payment over the phone with SANTANDER for his monthly car payment. Both counsel for SANTANDER and the class action lawsuit administrator informed the Plaintiff that he was not entitled to any settlement funds from this class action. Further, the Plaintiff was informed that his contract with SANTANDER may contain a Texas choice-of-law forum. If that's the case, then the Plaintiff is entitled to claim violations of the Texas TDCA which makes it illegal for SANTANDER to charge any credit or debit card fees for the Plaintiff to make his monthly payment.

10.    In order to establish that the Plaintiff is entitled to any funds, or financial compensation from SANTANDER, the Plaintiff must plead a TDCA cause of action, and then SANTANDER must admit, or deny that the Plaintiff is entitled to funds. If it denies owing the Plaintiff any money, then discovery should take place on this cause of action.

- 5 -

11.    If SANTANDER admits that the Plaintiff is entitled to financial compensation, then SANTANDER breached that contract and settlement terms with the Plaintiff in a class action still pending in the Eastern District of Arkansas for violations of the TDCA.  Under the liberal amendment standards of Rule 15(a),, and the flexiable joinder requirements of Rule 20, the Plaintiff's Motion to amend should be granted.

**III.    PROCEDURAL HISTORY**

12.    This case was removed from the Pima County Superior Court to this Court under federal question. Since its removal, the Plaintiff haas not amended his complaint in this Court, nor sought to take advantage of any amendment in the now filed case. Also, the Plaintiff has reached out to two attorneys defending two Defendants in this case to try and obtain a joint stipulation for the Plaintiff to file his SAC, but to no avail, the Plaintiff could not gain a stipulation.

13.    This case is fresh, no discovery has been taken, and to date, only Defendant TRANSUNION [2] has filed an answer in this case. Futhermore, the other Defendant EXPERIAN has requested an extension of time to file a response pleading to the Complaint. Accordingly, now is a better time then ever to permit the Plaintiff to file a response pleading.

**IV.    LEGAL ARGUMENT**

14.    Federal Rules of Civil Procedure 15(a)(2) allows the amendment of pleadings with leave of court, or with opposing counsel's written consent, before trial. Fed.R.Civ.P. rule 15(a)(2). The rule further provides that "[t]he court should freely give leave when justice so requires." Id. In addition, Rule 15(a) instructs that leave to amend pleadings should be "freey" given, the standard of review is

---

[2]    The Plaintiff never served TransUnion with the Summons or Complaint while this case was pending in State Court. So its very questionable as to how, and why counsel filed a notice of appearance and answer on behalf of TransUnion.

- 6 -

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND TO FILE SECOND
AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;

liberal. Indeed, the Ninth Circuit has instructed that the rule "should be interpreted with 'extreme liberality,'" Jackson v. Bank of Hawaii, 902 F. 2d. 1385, 1387 (9th Cir. 1990)(quoting United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)), and "[a]n outright refusal to grant leave to amend without a justifying reason is ... an abuse of discretion." Smith v. Constellation Brands, Inc., 2018 WL 991450 at * 2 (9th Cir. Feb. 21, 2018)(quoting Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) and citing Forman v. Davis, 371 U.S. 178, 182 (1962)). A District Court only has a discretion to deny leave to amend "'due to ... repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Id. at * 2 (quotinng Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) and Leadsinger, Inc., 512 F.3d at 532).

15.    A District Court may deny leave to amend a complaint only where there is a "substantial reason" for doing so, such as "undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; ... [if] allowing amendment would cause undue prejudice to the opposing party; or ... [if] amendment would be futile." Alhallaq v. Radha Soami Trading, LLC., 484 Fed.App'x 293, 298 (11th Cir. 2012). Absent such a "substantial reason to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." Burker King Corp. v. Weaver, 169 F.3d 1310, 1319 (9th Cir. 1999)(internal quotations ommitted). Indeed, "discretion may be a misleading term, for [R]ule 15(a) severly restricts the judge's freedom directing that leave to amend shall be freely given when justice so requires." Espey v. Wainwright, 734 F.2d. 748, 750 (11th Cir. 1984)(internal quotations omitted).

16.    Here, because there is no substantial reason to deny Plaintiff's motion to file the proposed SAC.

**A.    Permitting A Second Amended Complaint Will Cause No Undue Delay**

17.    "[t]he mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint." Hester v. Int'l Union of Operating Eng'rs, 941 F.2d 1574, 1578-79 (10th Cir. 1991). Undue delay is typically found "where both the parties and the court were fully prepared for trial," Burger King Corp, 169 F.3d at 1319, and where the proposed amendment would have postponed trial already scheduled. Rhodes v. Amarillo Hosp. Dist., 654 F.2d 1148, 1154 (5th Cir. 1981). Here, although only a month has passed since the removal, this case remains in the nascent stages. See Fortner v. Thomas, 983 F.2d 1024, 1032 (11th Cir. 1993)(motion to dismiss is not a response pleading for the purposes of Rule 15(a). Discovery has not began, and there is no trial date. Cf. Burker King Corp., 169 F.3d at 1319.

**B.    There Is No Indication Of Bad Faith**

18.    Courts may decline to accept an amended complaint only where a showing of bad faith, such as "use of a motion to amend as a means to postpone a trial date, to impose additional expense on the opposing party, [or] to gain leverage in the settlement negotiations," is apparent on the record. Salter v. City of Brewton, Ala., No. 07-0081-WS-B, 2007 WL 2409819 at * 4 (S.D. Ala. Aug. 23, 2007). Here this is also no indication of bad faith on the part of the Plaintiff.

**C.    There iIs No Undue Prejudice To Defendants**

19.    A Court may find prejudice where the Defendant can "demonstrate that its ability to present its case would be seriously impaired were the amendment allowed." AirProds, and Chems., Inc. v. Eaton Metal Prods. Co., 256 F. Supp. 2d 329, 332 (E.D. Pa. 2003); accord Allstate Ins. Co. v. Regions Bank, No. 14-0067-WS-C, 2014 WL 4162264, at * 6 (S.D. Ala. Aug. 19, 2014)(quoting Air Prods).

- 8 -

20.  A Court may not find undue prejudice merely because an amendment adds additional expenses, as "[a]ny amendment to an original pleading necessarily involves some additional expense to the opposing party." Loggerhead Turtle v. Cty. Council of Volusia Cty., Fla. 148 F.3d 1231, 1257 (11th Cir. 1998)(emphasis in original). Here, permitting the filing of the SAC would impose no prejdice towards any defendant in this matter whatsoever, and the defendants cannot demonstrate that it would suffer any actual prejudice. So permitting an amended complaint at this stage would impose no undue prejudice upon any Defendant because it was only their decision to remove this case to the District of Arizona, but also because this case is still fresh in this Court, and no discovery has yet to commence.

**D.    The Proposed Second Amended Complaiint Is Not Futile**

21.    To be properly rejected on futility grounds, a proposed amendment "must be so lacking in merit that the complaint as amended 'would necessarilly fail." Allstate Ins., 2014 WL 4162264 at * 7 (quoting Fla. Evergreen Foliage v. E.I. Dupont de nemours and Co., 470 F.3d 1036, 1040 (11th Cir. 2006)). There is no basis for rejection based on futility here.

- 9 -

1

### CONCLUSION

2      Plaintiff respectfully requests that the Motion for leave to amend to file a

3   Second Amended Complaint for damages, declaratory, and injunctive relief by

4   considered, and thereby granted. A Copy of the proposed SAC is attached hereton

5   as **Exhibit A.**

6

7                                              Respectfully submitted,

8   Dated: NOVEMBER 2, 2022            _____

9                                              Anthony Oliver, # 1002060648
                                               Coffee Correctional Facility
10                                             Post Office Box 650
                                               Nicholls Georgia 31554
11                                             Telephone:   (520) 300 - 1666
                                               Anthony.oliver222201@gmail.com
12

13

14                          **CERTIFICATE OF SERVICE**

15      Pursuant to Federal Rules of Civil Procedure, rule 5, copies of the
    Plaintiffs **CHANGE OF ADDRESS** will be served by first-class United States mail
16   and the Courts CM/ECF program upon the following parties:

17
             Emily G. Wagner, Esq.
18           Snell & Wilmer, L.L.P.
             One Arizona Center
19           400 East Van Buren Street, # 1900
             Phoenix Arizona 85004-2202
20
             James M. Acosta, Esq
21           Quilling, Selander, Lownds, Winslett, P.C.
             6900 N. Dallas Parkway, Suite # 800
22           Plano Texas 75024

23

24      Dated: NOVEMBER 2, 2022            _____

25                                             Anthony Oliver, Plaintiff Pro Se

26                                      - 10 -

27   PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND TO FILE SECOND
     AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF;
     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;